IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ARMANDO SANCHEZ,<br><br>Defendant. | CR 19-87-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 44.)

On April 23, 2025, the Court conducted the final revocation hearing. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 7 months imprisonment, followed by 53 months of supervised release.

I.   **Background**

In 2019, Defendant pled guilty to the offense of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. (Doc. 25.) On January 15, 2020, the Court sentenced him to 54 months imprisonment, to be followed by 5 years supervised release. (Doc. 36.) Defendant began serving his term of supervised release on September 7, 2023.

1

On March 14, 2025, the United States Probation Office filed the petition now at issue. (Doc. 42.) The petition alleges that Defendant violated five conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 43.) Defendant was arrested, and made an initial appearance on April 7, 2025. (Doc. 46.)

**II.    Final Revocation Hearing**

Defendant appeared at the revocation hearing on April 23, 2025. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except for the first allegation in Violation No. 5.[1] The United States then moved to dismiss the contested allegation in Violation No. 5. The undersigned accepted the admissions, and proceeded to sentencing.

---

[1] The first allegation in Violation No. 5 alleged:

> On 06/20/2024, the defendant provided a random urine sample at Alternatives, Inc. which was positive for methamphetamine. The defendant signed an Admission of Use Form stating he was kidnapped and forced to use methamphetamine on 6/18/2024.

(Doc. 42 at 3.)

2

The undersigned calculated that Defendant's violation grade is C, his criminal history category is V, and the underlying offense is a class A felony. Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 7-13 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 7 months incarceration. Defendant's counsel requested a sentence of less than 7 months incarceration.

### III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 7 months imprisonment followed by 53 months supervised release. No circumstances warrant a departure from the guideline range.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release. With respect to the nature and circumstances of the violations, the Court finds Defendant's current violations are serious and warrant revocation of his supervised release. Defendant's underlying offense involved the distribution of controlled substances, and his current violations appear to be related to his continued use of controlled substances.

At the same time, other than the illegal use of controlled substances, none of Defendant's violations involved new criminal offenses.

Regarding Defendant's history and characteristics, the Court notes Defendant has a significant criminal history. When he was sentenced for the underlying offense at the age of 27, he had already attained a criminal history category of V. He has since done poorly on supervision. He has accumulated approximately 15 violations in his 1½ years on supervised release.

The Court has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant's term of incarceration for the underlying offense did not provide sufficient deterrence to his continued use of and involvement with illegal drugs. Hopefully, an additional term of incarceration will make it clear to Defendant that he will be required to comply with the conditions of his supervised release. An additional term of incarceration will also protect the public from additional violations.

The Court has also considered the need for future educational and correctional treatment. Defendant needs continued substance abuse treatment and testing, as well as mental health counseling. Additionally, Defendant made some progress towards obtaining his GED while on supervision. A term of supervised release will, therefore, afford Defendant the opportunity to complete the education,

treatment and counseling programs he started under his initial term of supervised release.

Considering all of these factors, the Court concludes a sentence of 7 months incarceration, with 53 months supervised release to follow is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he must abstain from the consumption of alcohol, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he live in a place approved by the probation officer, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he participate in and successfully complete a program of substance abuse treatment, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he must participate in substance abuse testing, as alleged in Violation No. 4.

5. Defendant violated the condition of supervised release that he must refrain from any unlawful use of a controlled substance, as alleged in second through fifth allegations in Violation No. 5.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to a term of 7 months incarceration, with 53 months supervised release to follow.

2. Pursuant to Defendant's request, the Court should recommend placement at FCI Terre Haute, in Terre Haute, Indiana.

3. The United States' motion to dismiss the first allegation in Violation No. 5 should be granted.

**IT IS FURTHER RECOMMENDED** that the Court impose the following special conditions of supervised release:

1. You must make a good faith effort to obtain a G.E.D. or high school diploma within the first year of supervision.

2. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

3.      You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release.  Failure to submit to search may be grounds for revocation.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  You must allow seizure of suspected contraband for further examination.

4.      You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

5.      You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision.  You must pay part or all of the costs of testing as directed by the probation officer.

6.      You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program.  The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  The program may include urinalysis testing to determine if you have used drugs or alcohol.  You must not attempt to obstruct or tamper with the testing methods.  You must pay part or all of the costs of this treatment as directed by the probation officer.

7.      You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

8.      You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state.  Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

9.      You must comply with all child support obligations and/or pay child support as ordered.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 23rd day of April, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge